IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

| | |
|---|---|
| THERESA SUPINO,<br><br>   Plaintiff,<br><br>v.<br><br>JASPER COUNTY; IOWA and MIKE JACOBSEN JASPER COUNTY ATTORNEY, in his official and individual capacity and JASPER COUNTY SHERIFF JOHN HALFERTY, in his official and individual capacity<br><br>   Defendants. | Case No. _____<br><br><br>COMPLAINT AND JURY DEMAND |

COMES NOW the Plaintiff, Theresa Supino, and submits her complaint and jury demand.  In support thereof he states the following:

**INTRODUCTION**

1. This is an action by Plaintiff, Theresa Supino, (hereinafter referred to as "Supino") against the Defendants, Jasper County, Iowa, Mike Jacobsen Jasper County Attorney and Jasper County Sheriff John Halferty for Violation of Constitutional Rights, Abuse of Process and Defamation Per Se.

2. Defendant, Jasper County, Iowa (hereinafter referred to as "Jasper County") is a duly organized under the laws of the State of Iowa.

3. Defendant Sheriff John Halferty (hereinafter referred to as "Halferty") was an employee of the Jasper County Sheriff's Office at all times pertinent hereto.

4. Defendant Mike Jacobsen (hereinafter referred to as "Jacobsen") was an employee of Jasper County, Iowa as County Attorney at all times pertinent hereto.

1

5. The district court has jurisdiction over this matter under 28 U.S.C. § 1331 because the causes of action raise a federal question.

6. Venue is appropriate in this Court because the actions complained of herein occurred within the bounds of Jasper County.

## FACTUAL BACKGROUND

7. On or about March 3, 2014, Halferty arrested Supino and charged with two counts of double first degree murder of Melisa Lynn Gregory and Steven Joseph Fisher on the 31st anniversary of the double homicide.

8. On or about March 3, 2014, the Jasper County held a press conference and announced the arrest.

9. On or about September 18, 2014 trial was held in Blackhawk County, Iowa.

10. On or about February 20, 2015, a Blackhawk County jury found Supino "not guilty" and acquitted of all charges.

11. Prior to the arrest of Supino, Halferty in 2012 contacted "Cold Justice" to ask for help in solving the murders. The show accepted the invitation in late 2013 and by February 2014 they were conducting interviews including one with Supino.

## COUNT I – 42 U.S.C. § 1983

12. Plaintiff hereby incorporates paragraphs 1-11 as if stated herein.

13. Defendants' conduct was taken under color of state law.

14. Defendants made statements that implied guilt for the crimes even after acquittal.

15. Plaintiff had no recourse to refute those statements and was denied due process of law that is guaranteed under the US Constitution.

16. Defendants' conduct violated the Plaintiff's constitutional rights.

17. Defendants' conduct was the proximate cause of damages to the Plaintiff.

## COUNT II – DEFAMATION PER SE

18. Plaintiff hereby incorporates paragraphs 1-17 as if stated herein.

19. Defendants Jasper County through its employees made statements to the public and the press which violated 42 U.S.C. § 1983.

20. The statements were of a kind that would reasonably be understood to attack the Plaintiff's moral character and integrity; expose the Plaintiff to public hatred, contempt or ridicule; and deprive the Plaintiff of the benefits of public confidence and social dealings.

21. Defendants Jasper County and its employees made those statements with actual malice.

22. Those statements were false.

23. The statements tended to injure the Plaintiff's reputation and expose the Plaintiff to public hatred and contempt.

24. These statements damaged the Plaintiff.

25. Defendants Jasper County and its employees' statements were sufficiently willful and wanton to justify punitive damages.

26. Defendants' conduct was the proximate cause of damages to the Plaintiff.

## COUNT III – DEFAMATION PER QUOD

27. Plaintiff hereby incorporates paragraphs 1-26 as if stated herein.

28. Plaintiff was damaged by the conduct of the Defendants by the making of the false statements, including a loss of reputation, emotional distress, and public ridicule.

29. People would have and did rely upon the statements made by the Defendants.

30. The statements are defamatory.

**WHEREFORE** the Plaintiff, Theresa Supino, prays for judgment against the Defendants Jasper County, Iowa, Mike Jacobsen Jasper County Attorney and Jasper County Sheriff John Halferty in an amount deemed reasonable and proper for compensatory damages allowed by law, for punitive damages as allowed by law, for interest, attorney's fees as allowed under 42 U.S.C. § 1988, costs and for such other and further relief as is just and proper in the circumstances.

## JURY DEMAND

COMES NOW the Plaintiff and hereby demands trial by jury of all issues properly able to be tried to a jury.

Respectfully Submitted,

By:  */s/Bruce H. Stoltze, Jr.*
Bruce H. Stoltze, Jr.   (AT0010694)
Stoltze & Stoltze, PLC
300 Walnut Street, Ste. 260
Des Moines, Iowa  50309
Telephone:  515.244.1473
Facsimile:  515.244.3930
E-mail:  bruce.stoltze@stoltzelaw.com
ATTORNEY FOR PLAINTIFF

ORIGINAL FILED.